United States District Court
Southern District of Texas
**ENTERED**
June 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Ernesto de la Cruz, et al., *Plaintiffs*, | § § § § § § § § § § | |
| v. | | Civil Action M-23-437 |
| Crazy Buffet 88, Inc. D/B/A International Buffet, and Wen Bin Huang, *Defendants*. | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 9. Pending before the court is Plaintiffs' Motion for Default Judgment. ECF No. 13. The court recommends that the motion be **GRANTED**.

### *1. Factual Background*

Plaintiffs sued Defendants for unpaid overtime under the Fair Labor Standards Act (FLSA). ECF No. 16 at 1. Defendant Crazy Buffet 88 owns and operates the Crazy International Buffet in McAllen, Texas. Defendant Wen Bin Huang is the restaurant's managing director. ECF No. 1 at 2. Plaintiffs Ernesto de la Cruz, Abraham Gonzalez, Geovanny Rodriguez, Emmanuel Garcia Vega, David Castillo, and Manuel Martinez worked at Defendant's restaurant from December 3, 2021 to December 3, 2023—a total of 104 weeks. *Id.* at 3; ECF No. 13 at 1. Plaintiffs were paid a flat rate twice per month during that period. ECF No. 1 at 1. Plaintiffs worked 66 hours per week and were paid their flat hourly rate for all hours worked. Plaintiffs claim to be owed their overtime premium for all hours worked over forty in all the weeks they worked for Defendants.

Crazy Buffet 88 was served with this lawsuit on December 27, 2023. ECF No. 6. Huang was served on January 27, 2024. The time for both Defendants to answer has passed. Neither has answered or otherwise appeared to defend this action. Both Defendants were also served with the Motion for Default Judgment, ECF No. 13 at 11, but neither Defendant responded to the motion. The Defendants have not communicated with the court in any way.

## *2. Legal Standards*

Plaintiffs move for default judgment under Federal Rule of Civil Procedure 55. Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). The allegations in the complaint, along with any additional evidence presented by the movant, must be sufficient to support the requested judgment. *GuideOne Ins. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. Dec. 7, 2011) (citing

*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### 3. Analysis

#### A. Default Judgment is Procedurally Appropriate

Rule 55 directs the clerk to enter a party's default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[] and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). The docket sheet confirms that Defendants have failed to defend and that entry of Defendants' default is appropriate.

Plaintiffs have shown that Defendants were properly served with the lawsuit. ECF Nos. 6, 10. Defendants were also properly served with the instant motion by certified mail, return receipt requested. ECF No. 13 at 11; *see also* S.D. Tex. Local R. 5.5 ("Motions for default judgment must be served . . . by certified mail (return receipt requested)."). Defendant Crazy Buffet 88 is a corporation and is thus not a minor, incompetent person, or in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931(b)(1). Plaintiffs' counsel has filed a declaration stating that Defendant Huang is, to his knowledge, neither capable of serving in the military, nor an infant or incompetent. ECF No. 12-3. The docket report shows that Defendants have not filed an answer or taken any action indicating an intent to defend. Therefore, the court concludes that default judgment is procedurally appropriate.

#### B. Plaintiffs Present a Colorable Claim

The FLSA requires employers to pay overtime compensation, at a rate not less than one and one-half times the regular rate, to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1). To make a prima facie case for unpaid overtime work, the plaintiff must show:

3

(1) an employment relationship with the defendant; (2) coverage under the FLSA; (3) the employer's violation of the FLSA's overtime compensation requirements; and (4) the amount of overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citation omitted). The FLSA guarantees overtime pay to employees engaged "in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce[.]" *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citation omitted).

An employer that violates the overtime provision is liable for the aggrieved employee's unpaid overtime compensation and liquidated damages in the same amount. 29 U.S.C. § 216(b). A successful plaintiff in an FLSA case is also entitled to reasonable attorney's fees and costs of the action. *Id.*; *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

Plaintiffs allege that they were employed by Defendants and that Defendants violated the FLSA by failing to pay them the statutory overtime premium when they worked more than forty hours per week. ECF No. 1 at 4. Plaintiffs have shown coverage under the FLSA by alleging employment with Defendants, who are engaged in interstate commerce. *Id.* at 3. Plaintiffs have also provided their assessment of their damages, which is supported by their affidavits. *See* ECF Nos. 13-2–13-7.

The affidavits state, among other things, each Plaintiff's dates of employment, the number of hours they worked per week, and their bi-weekly pay rate. *See id.* Accordingly, Plaintiffs have presented a colorable claim for unpaid overtime compensation. The court next calculates Plaintiffs' damages. *See Shipco Gen.*, 814 F.2d at 1014 ("[W]ell-pleaded factual allegations are taken as true, except regarding damages.").

### C. *Calculation of Damages*

As an initial matter, under the FLSA, it is the employer's burden "to keep proper records of wages, hours, and other conditions and practices of employment," because they are in the best position to do so. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a); *see also* 29 U.S.C. § 211(c) (codifying the employer's record-keeping duty). "[W]hen employers violate their statutory duty to keep proper records, . . . employees thereby have no way to establish the time spent doing uncompensated work[.]" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016) (citing *Mt. Clemens*, 328 U.S. at 687). When an employer has failed to keep or maintain proper records, the court employs a burden-shifting framework that allows employees without access to accurate timekeeping records to rely on their own testimony to meet their burden of proof. *Mt. Clemens*, 328 U.S. at 687–88. The employer may then come forward with evidence of the precise amount of work performed or with evidence negating the inferences drawn from the employee's evidence. *Id.*

Because Defendants have not participated in this lawsuit, the court will rely on the Plaintiffs' testimony as proof of their wages, hours, and other conditions of employment.

#### i. *Individual Damages*

All Plaintiffs' calculations are essentially the same. They were all paid a bi-weekly flat rate. It appears they all received 48 equal checks in the two years at issue. They all worked 66 hours for all 104 weeks at issue. From those two data points, Plaintiffs calculate their hourly straight time rate of pay and the overtime premium they are owed. They multiply the overtime premium by 26 hours per week they worked over forty and calculate a total of unpaid overtime for the entire period.

The table below summarizes the awards for unpaid overtime wages. The court has corrected Plaintiffs' damages calculations as to Plaintiffs Rodriguez, Castillo, and Martinez and agrees with Plaintiffs' damages calculations as set forth in their declarations for the remaining Plaintiffs. *See* ECF Nos. 13-2–13-7.

| Plaintiff | Amount Owed |
|---|---|
| Ernesto de la Cruz | $13,682.24 |
| Abraham Gonzalez | $13,682.24 |
| Geovanny Rodriguez | $13,222.56 |
| David Castillo | $13,222.56 |
| Manuel Martinez | $13,222.56 |
| Emmanuel Garcia Vega | $11,816.48 |
| **Total:** | **$78,848.64** |

### ii. *Liquidated Damages*

Although Plaintiffs did not address liquidated damages in the Motion for Default Judgment, they did request liquidated damages in their Complaint. ECF No. 1 at 5–6. The FLSA allows for an award of liquidated damages equal to the amount of unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands*

6

*Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010) (citation omitted).

Defendants have failed to show subjective good faith or objective reasonableness for failing to comply with the FLSA. Liquidated damages will be awarded in an amount equal to Plaintiffs' unpaid overtime compensation.

### *iii. Attorney's Fees and Costs*

The FLSA allows for the imposition of attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). The court will consider a post-judgment application for attorney's fees and costs as Federal Rule of Civil Procedure 54 allows.

### *4. Conclusion*

For the foregoing reasons, the court recommends that Plaintiffs' Motion for Default Judgment, ECF No. 16, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on June 11, 2024.

Peter Bray
United States Magistrate Judge